23-6105 United States v. Odom Good morning, your honors. May it please the court, my name is Jeremy Gutman, I represent appellant Marcus Odom. The issue we're raising is that the above guidelines sentence imposed on Mr. Odom was unreasonable because the district court relied on an impermissible factor, specifically the district court's view that the Supreme Court decision that led to Mr. Odom's prior conviction and sentence being vacated was irrational, perverse, and that he disagreed with it, and as a result, that Mr. Odom received a windfall by having his earlier mandatory sentence vacated. Well, I mean, he did receive a windfall. His original sentence, the minimum was 300 months, right? Right? Yes. And what did he get here? Here he got 156 months, but the reason... So he got the sentence at half. Your honor, I'm not, in a different context... I mean, you know, the categorical approach at times produces what many federal judges see as an odd result. This is categorized as not being a crime of violence when your client shot someone and seriously injured someone attempting to steal from a jeweler, and the facts of the case, as opposed to the legal definition of the case, belie a crime of violence. And so a federal judge muses that this is kind of silly, but then he goes on and states, he talks about the conduct, that it's extreme conduct. He talks about the significant injuries to the victim, the fact to provide a just punishment and adequate deterrence to protect the public, and additional reason for his disagreement with the categorical approach. Now, the fact that he disagrees with the categorical approach doesn't mean he mischaracterizes the actual factual basis of the crime, does it? But your honor, I agree with everything you've said, and I agree that there are many reasons to criticize the jurisprudence. Your client originally got, didn't have, he pleaded the 924, right? He did. He did. And he pleaded a substantial additional time, right? The fact is, the earlier sentence was unconstitutional under the law as determined by the Supreme Court. I understand that. So our point, your honor, is that it's certainly fine for judges and lawyers and everyone to criticize the Supreme Court's jurisprudence, and in this case in particular, it's a widely accepted view. The problem is, it should not have affected the sentence of this particular defendant, and it did. And we know it did. It wasn't just musing. It might have appeared . . . Well, I've read what Judge Sherman said. Well, I think what's key is that in his statement of reasons, he specifically articulated that the disagreement with the . . . But don't we have to read that in context with the other boxes checked in what he said at sentencing, which is not, I'm sentencing you to a certain amount because I disagree with the categorical approach. Well, I think . . . But my disagreement with the categorical approach is relevant to my understanding of whether this was a violent crime, which is a perfectly appropriate factor to consider and didn't want to suggest in light of Taylor that it wasn't a violent crime. Your honor, first of all, I think you have to take Judge Ferman at his word that by putting it in the statement of reasons as a reason, one of the reasons for a variance, we're not saying that he didn't . . . all the other factors he relied on, he was certainly entitled . . . they were proper considerations. That doesn't change the fact that this should not have been a consideration, and there is no principled reason . . . I mean, if he simply said, well, I disagree with the categorical approach because the facts of this case truly were crime of violence, would you be arguing for remandment? Yeah, well . . . Yes? No, no, your honor. But the issue is . . . It sounds like a very careful line that federal judges have to walk. There was no dispute that this was a violent crime. And indeed that your client had committed prior multiple shootings, had he not? Your honor, all of that we accept, but the difference is the fact that Mr. Odom had previously received a very harsh sentence because of the mandatory statute that covered his prior conviction. That should have had no influence on this sentence. He should not have been treated any differently than a defendant who pleaded guilty to Hobbs Act robbery. So you're saying that the judge gave him a harsh sentence because he should have gotten the earlier sentence, but because the Supreme Court's determination to use the categorical approach precluded that sentence? Is that what you think Judge Ferman said? I believe that . . . I don't read that in Judge Ferman's colloquy at all. Well, your honor, what we know is that according to this court's longstanding holdings, when there's a remand for resentencing, the sentencing is de novo, meaning it's on a clean slate. It's not a clean slate if we're beginning with the idea that under a mandatory sentencing scheme, which no longer applies, you received a 25-year sentence. The fact that he received that sentence earlier should not have factored into a sentencing determination where the court, as in every sentencing, calculates the guidelines and then considers all the 3553 facts. They gave him before, did he? I'm sorry? What did Judge Ferman give him the first time? $187,300? No, 300 months. 300, I'm sorry. Which he had to under the statute. What did he give him this time? 156 months. He could have given him 300 months, I suppose, if he wanted to. What was the maximum? Actually, the maximum was 20. 20 years, so he could have given him 240 months. Your Honor, the idea of framing this sentencing of this defendant based on what might have been under a statute that should never have been applied to him in the first place, accepting the decisions of the Supreme Court. And this Court. And this Court, yes. Counsel, can you talk a minute about other factors that, factors that we have clear case law are barred and how that affects a sentence. So here we have a sentence where according to the statement of reasons there are, I don't know, six or eight boxes checked, right? And if there's six, say, five of them are perfectly fine. You know, you might disagree with the weighing of them, but you don't disagree that they're legitimate factors. And the sixth is disagreement with categorical approach that rendered prior conviction and sentence unlawful. We haven't talked a lot about this in this Court, but aren't, isn't there a case law in this Court about the infection of an otherwise appropriate sentence by a single inappropriate factor being considered? There are, you know, race and gender considerations, socioeconomic status. So can you talk about whether the fact that otherwise the sentence is supportable, does that one infection render it inappropriate and require remand? Yes. Yes, because, I mean, both procedurally and substantively, but procedurally the fact, I mean, we don't know precisely, you know, we know what Judge Furman said, exactly how much of a difference this made. I mean, I would certainly argue that all of the properly considered factors, many of them were, you know, contemplated by the guideline that applied, which raised his offense level 11 points because of the permanent injury, life-threatening or permanent injury, and because of the violence. So, I mean, and of course there were significant mitigating factors also. We wouldn't really have a procedural reasonableness claim here if that last box wasn't checked on the SOR. That is correct, Your Honor. I would not be making this argument otherwise. I do believe it infects. You wouldn't be making the argument based solely on the sentencing transcript. It's the box check that is what you're really relying on. Yes. I think, I don't think the, without the box being checked, the fact that it was considered as a factor, it was at least one of the factors. I guess back to my original question, because we don't get a lot of room to write on these and don't have to do them anymore, but, you know, isn't this a reference to what he said in the sentencing proceeding? That is to say, whatever, I disagree with the Supreme Court categorical approach, which means that you could say that this was not a crime of violence, but this was obviously a crime of violence and my sentence will reflect that. Why isn't that a reference back to that transfer? Well, it takes it a step further, or it clarifies what may have been in the Court's mind, but not fully articulated, which is that this is part of my determination about the sentence to impose in this case, and particularly to a sentence that's above the guideline. And so I don't think you can unring the bell. I think that the fact that the judge has stated that presents us with a case where the issue I'm raising is an important one, that it's basically urging the Court to recognize that whatever disagreement a Court may have, this particular fact had nothing to do with Mr. Odom's history, his characteristics, or his conduct. It had nothing to do with what is a just sentence in this case. The fact that there was violence is taken into account by the guideline that applied, and no one disputed that this was a violent crime and had serious repercussions. But the idea of you got a windfall because under the unconstitutional sentence your sentence was much worse, and we're going to use that as the starting point that anything less than that is a windfall, I think that puts him in a different position than a similarly situated defendant who did not previously plead guilty to a 924C. And there's no principled reason for that distinction. And that is why this sentence should not stand. Just real quickly, you're arguing for relaxed plain error. Why do you think relaxed plain error here, and how do you then analyze it through that lens? Well, first of all, I think it would satisfy strict plain error. But the reason, first of all, sentencing is different. Sentencing error is easier to correct. But in addition to that, the fact that, as we were just discussing, from the record of what took place in court during the sentencing proceeding, there wasn't a clear-cut basis for an objection. The basis for the objection did not appear until after the sentencing was completed because it comes from the statement of reasons. So based on that consideration, the relaxed standard I submit is the appropriate one. You could interpose an objection at that point. Theoretically, I don't disagree with that as a concept, but I think it's unusual to object to a sentence. And to be honest, I don't know. I think the judgment itself was probably already, I don't know this for a fact, but probably the judgment and statement of reasons were at the same time. Right. So it would have- But an objection at that moment would have, I mean, the reason we require objections is it gives an opportunity for the district court to analyze the question and figure out whether there is something he needs to address or correct or explain further. And having not done that, surely you agree, or at least through the lens of relaxed plain error. Well, I believe that it's unusual enough that this was something that became clear after the fact, that that supports this. But in addition, the only additional factors that have to be found for strict plain error is that this affected Mr. Odom's substantial rights and if it increased his sentence, it clearly did. And if he's being treated differently than another defendant who is in the same situation other than not having a prior conviction that was vacated, that's also, that's a manifest injustice and affects the integrity and public reputation of the courts. Thank you, Mr. Gottman. You have two minutes for rebuttal. Thank you. Good morning and may it please the court. My name is Justin Rodriguez and I represent the United States on this appeal as I did before the district court. Judge Furman's 13-year sentence in this case was reasonable and in no event can Mr. Odom meet the exacting standards of plain error review. Judge Furman carefully balanced the 3553A factors in this case and his comments about the categorical approach should be understood in the context of the four aggravating factors that Judge Furman found were driving Mr. Odom's sentence. Those factors were the violent nature of the offense, the extreme harm it caused the victim and his family, Mr. Odom's criminal history, which included multiple prior shootings, and the severe breach of trust that Mr. Odom committed by reoffending after receiving a lenient sentence as a government cooperator. Judge Furman addressed each of those factors before saying anything about the categorical approach. But counsel, if you take, this is what I asked your colleague on the other side, if you take a bunch of completely appropriate factors and then you add something that is arguably inappropriate, if that line that checked other had said, you know, because the defendant is female in this case, because the defendant is male, whatever it is, if there had been a clearly barred consideration, would that be okay? And again, I know that we're going to battle over whether this is a barred consideration and what it means, but that wouldn't be okay, right? If the judge said, I took into account these five, but also this one. I agree. If there was a clearly barred factor, for example, I increased the defendant's sentence because of his race or his gender, I think there's no question that that would infect the sentencing proceeding. So what if there was a policy disagreement with the statutory maximum or minimum? I'm sorry, Your Honor. What if the judge imposed a sentence that included a consideration of the judge's policy disagreement with the statutory minimum or maximum sentence? Is that okay? Two responses. Number one is yes, but number two is I don't believe that that's what Judge Furman did here. It's okay. So I'll tell you, I lost this battle because I had a client who got less than his statutory mandatory minimum and three judges before I worked here said, no, Attorney Merriam, your client can't get less than the mandatory minimum based on the fact that the sentencing judge disagrees with it. So if the sentencing judge says, I don't think this should be limited to a 20-year max, I'm going to give him the 300 months again. Or I don't think he should get a five-year man-min. I'm going to give him probation. The judge is allowed to do that? So, again, Your Honor, I'm not sure if I entirely tracked the hypothetical, but if we're talking about a case in which a judge says, I'm going to increase your sentence, everything else being equal, because I disagree with the categorical approach, I'm not aware of a case from this court or the Supreme Court that would say, especially on plain error review, that that is impermissible. But this is a... We have a lot of case law that talks about it is permissible as a sentencing judge to disagree with the non-binding guidelines. Correct. Because they are non-binding. And it's okay to factor your disagreement. We have this under, sort of, Dorvey and under the crack powder disparity, right? That's okay because they're non-binding. This is a judge, a sentencing judge saying, I disagree with the binding law of the Supreme Court and I am based in part on my disagreement with the Supreme Court's decision in this case to vacate this defendant's prior sentence. I am going to take that Supreme Court binding precedent and use it as one of the reasons to increase this defendant's sentence. How is that okay? So this is where I think the context and looking at the entire record as Judge Nathan was suggesting is important. I don't believe the record was that he disagreed with the categorical approach. Instead, his comments were made in service of a different point. And the point was that even after the 924C conviction was vacated none of the aggravating factors in this case had changed. So why is it checked off in the SOR? As a separate reason. Because of that reason. Which is to say I am Judge Furman I am called upon to resentence this defendant. I want to acknowledge that these aggravating factors that I found in this case existed in the prior sentencing. And that's why I believe in Section 6D of the Statement of Reasons Judge Furman doesn't say anything about the categorical approach. That portion of the Statement of Reasons says state the basis for the variance and Judge Furman says the nature of the offense and the extreme harm it caused the victim and his family, the defendant's prior criminal history including multiple prior shootings and the fact that he had previously been given a break for cooperation. So those are the aggravating factors that are driving the sentence. Judge Furman is just observing that we're in this posture where you are back before me where you received a sentence that is no longer constitutional Judge Furman faithfully applied the law and vacated that prior sentence. Rather than saying okay because of my disagreement with the categorical approach I'm now going to give you a sentence as close as a prior sentence. Judge Furman certainly didn't do that. That would be a problem, right? I mean then if a judge is saying on resentencing I sentenced you to 300 months before for that 924C Supreme Court says that's unconstitutional. I disagree with that. I'm sentencing you to the exact same sentence because I disagree with that. Government would give up the ghost on that one, wouldn't you? Yes because it sounds like in that case the judge is not balancing the 3553A factors at a minimum. Maybe he says and I therefore reference everything I said in the prior sentencing and incorporated hearing. The answer is I think so Judge Nathan. It's certainly a very far case. Perhaps there's an argument that there is space in the 3553A factor of the need to provide just punishment and this Court's prior statements that particularly in Jones that a judge is not prohibited from taking into account their own sense of what's fair and just under all of the circumstances. Perhaps there's room for that. This is obviously a very different case. Fair and just includes I disagree with the Supreme Court concluding a conviction is unconstitutional. I think the fair and just would be a comparison of the facts of this case being treated which is very clearly. Yeah I mean that's where my hypo is phrasing it the way it's phrasing it and I get the contention about what he said and what it means but I just want to make sure we know where the line is. And I apologize if I'm not being clear. I would agree that the case that your Honor has posited is very different and much more problematic than this case. I took what Judge Fearn had to say that he did the categorical approach to his finding produced an odd result here because this was a crime of violence. This man was shot and so he had a hard time understanding that this itself didn't involve violent conduct and so then he, the range on this, the range was what 97 to 120 something? To 121 that's correct. 121 the maximum was 20 years 240? Yes Your Honor. And he got 156 right? That's correct Your Honor. He didn't say I don't care I'm going to give him as close to 300 as I can because he should have gotten 924 he didn't say anything like that. He just said I have a hard time understanding this isn't a crime of violence it defies common sense because this guy was shot in the facts of this case. He was shot and so unlike some of the hypotheticals you face this wasn't a judge attempting to disregard the mandates that Congress has to the minimum time someone is to be sentenced or the mandatory minimum or mandatory consecutive time this is a judge characterizing a crime and then  consistent with the statutory range prescribed by Congress. I agree Your Honor and I think the sentencing transcript reflects Judge Furman's very careful balancing of the 3553 Do we have law for the proposition that we read if we see something in the statement of reasons that we have uncertainty as to the meaning or that maybe an isolation would carry a certain meaning but we to understand it we look to the sentencing transcript? The short answer is I don't know if there is any law specific to the statement of reasons You would argue we should though right? Yes I do think the background legal principles of this court needs to look to the entire sentencing record makes sense and I do believe that the statement of reasons is consistent with the sentencing transcript. Again the point was made not as an indication that Judge Furman increased the sentence but an observation that the aggravating factors had not changed. Well we do know that Justice Gorsuch in the Davis case said that in the instance of 924 commission being invalidated the district court and I'm quoting now may increase the sentences of many remaining counts if such increase is warranted so the Supreme Court itself recognized that if a 924 sentence is vacated that there may indeed be district courts who see it appropriate to increase the sentence of the remaining counts. That's correct your honor this is explicitly contemplated by the Supreme Court and I don't have statistics to quote to the court but I think it is far from an outlier in district courts in this circuit to impose above guideline sentence after a 924C count is reversed. I see that my time is up but if I can make a very quick point it is the government's position that plain error review applies here given the consistency between the statement of reasons and the sentencing transcript and under plain error review there is no precedent from this court or the Supreme Court that would show that this is a clear and obvious error such that on that ground alone. And whether it's plain error or relaxed plain error, clear and obvious error is still who would have to determine. That's correct your honor and so in the absence of that binding precedent that alone is another independent basis for this court to affirm. Thank you. Thank you so much Mr. Rodriguez. Mr. Gutman you have two minutes. Thank you. I'd like to address Judge Wesley's point about the idea that after on a remand after the vacating of a 924C there might be a higher sentence and an above guideline sentence. That I believe concerns a different situation than this particular case because in many cases I've had several of them myself the original sentence was based on multiple counts one of which had a mandatory 5 year or 7 year or whatever sentence and the judge looks at the entire offense before him and the judge decides that the total appropriate punishment what I think is the right sentence based on all of this is 90 months a particular amount and then subtracts 60 months if that's the mandatory sentence from the total so it might end up that the court gave a below guidelines sentence on one count in order to reach what the court believed was the appropriate sentence. That's not what happened here. Here the original conviction was on one count that had a mandatory sentence so the 300 months was not based on an the facts of this case call for it was based on the operation of a statute that has a mandatory minimum sentence so I think it's a different situation than that. I think with regard to the impact I think despite the government's effort to say of course there were all these other things that the judge considered I think what came to mind was in a fraud case if your defense was look I said 20 things that were true and I only said one thing that was false that doesn't mean that the false thing is taken out of the picture and I don't know if it's a perfect analogy but the record before the court makes it clear that the consideration of the belief that having it vacated was an undeserved windfall played a role in the determination I don't think any number of things that we all agree were proper considerations one would have thought he would have given him the maximum amount he could wouldn't one think that if he thought it was such a windfall no I think that would have been unduly harsh I don't think judge Ferman's inhumane this individual and that made some some evaluation as to what an appropriate sentence was for this fellow your honor no I agree oh you do agree well maybe I missed the part of the question no you did thank you okay thank you thank you to both counsel well argued and brave to take it under advisement